IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV197-MU-02

LeROY BODIE JR., on be-    )
  half of himself and all)
  others similarly situ-  )
  ated,                   )
      Plaintiffs,         )
                          )
      v.                  )                ORDER
                          )
THE STATE OF NORTH CARO-  )
  LINA; and               )
THEODIS BECK, Secretary   )
  Of Prisons,             )
      Defendants.         )
_____ )

THIS MATTER comes before the Court on an initial review of
the plaintiffs' civil rights Complaint under 42 U.S.C. §1983,
filed April 25, 2006.  After careful consideration, for the
reasons stated herein, the plaintiffs' Complaint will be
dismissed in its entirety.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

According to the instant Complaint, on July 10, 2005, the
named-plaintiff had a $10.00 fee deducted from his inmate trust
account without his consent.  It appears from a reading of the
reply which the named-plaintiff received in response to his
grievance protesting this matter, that such fees were assessed in
accordance with Chapter B, section 203 of the North Carolina

Dockets.Justia.com

Department of Corrections policies concerning inmate disciplinary matters.  In particular, that provision states that "[a]ll in-mates whose offenses result in a guilty disposition will be assessed an administrative fee of $10.00 through the Inmate Banking Module  . . . ."  Nevertheless, the plaintiff has filed this civil rights action, seeking $100 million dollars in compensatory and punitive damages.

Suffice it to say, however, the plaintiff is not entitled to any relief on this claim.  Indeed, the plaintiff's Complaint would be laughable were it not such a blatant waste of this Court's scarce judicial resources.

First of all, it is well settled that the procedure about which the named-plaintiff is complaining simply does not violate any of his constitutional rights.  Rather, such policy--of which the named-plaintiff does not deny he was aware--merely reflects the State Department of Correction's authority to make reasonable rules concerning the discipline of its inmates.  See Breeden v. Jackson, 457 F.2d 578, 580 (4th Cir. 1972) (noting that "so long as [the challenged regulations] 'are necessary or reasonable concomitants of imprisonment,' [and] so long as the regulations do not involve punishment or restraints 'intolerable in fundamental fairness,' . . . no constitutional rights are infringed.").

Second, even if such policy were a violation of the named-

2

plaintiff's rights, he still could not prevail in this action. To be sure, the named-plaintiff has brought this action against entities against whom it cannot be maintained.  That is, the plaintiff has named the State of North Carolina as a defendant; however, the State is not a "person" within the meaning of §1983 litigation.  <u>See</u> <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989) (explaining limitations of federal actions against states and their agencies).

Likewise, the named-plaintiff has named the Secretary of the North Carolina Department of Corrections as a defendant, but the Secretary is not the person who actually deducted the subject fee from the plaintiff's account.  Therefore, since the named plaintiff has failed to set forth a single fact which could support the imposition of supervisory liability or <u>respondeat superior</u> liability in this case, his claim cannot be maintained against defendant Beck.  <u>See</u> <u>Shaw v. Stroud</u>, 13 F.3d 791, 798 (4th Cir.)(noting requirements for supervisory liability), <u>cert. denied</u>, 513 U.S. 813 (1994); <u>and</u> <u>Slakan v. Porter</u>, 737 F.2d 368 (4th Cir. 1984) (noting requirements for <u>respondeat superior</u> liability).

Consequently, based upon the foregoing principles, the instant Complaint must be <u>dismissed</u> in its entirety.

3

SO ORDERED.

Signed: May 3, 2006

Graham C. Mullen
United States District Judge